CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 0 7 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:04CR30021-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RODNEY LOY BRILL, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not benefit from the amended guidelines.

On July 28, 2004, the defendant, Rodney Loy Brill, pled guilty, pursuant to a written plea agreement, to one count of conspiring to possess with intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The defendant was sentenced on January 12, 2005. Under the advisory sentencing guidelines, the defendant had a total offense level of 31 and a criminal history category of III, resulting in a guideline range of imprisonment of 135 to 168 months, plus 60 months on the § 924(c) count. The court granted a substantial assistance motion filed by the government pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and ultimately sentenced the defendant to a total term of imprisonment of 120 months.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were

generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 29, resulting in a guideline range of imprisonment of 120 to 135 months,[1] plus 60 months on the § 924(c) count. On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 60 months, plus 60 months on the § 924(c) count, to 53 months, plus 60 months on the § 924(c) count.[2] The government subsequently objected to the proposed sentence reduction, and the government's objections are now ripe for review. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

In objecting to the proposed sentence reduction, the government first asserts that a reduction is unwarranted in light of the defendant's offense conduct. The government emphasizes that the defendant was a major player in a large-scale crack cocaine conspiracy, and that the defendant was

---

[1] The low end of the amended guideline range is the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

[2] The 53-month term of imprisonment proposed by the court for the drug count represents a reduction from the amended guideline range that is comparable to the term of imprisonment that the defendant originally received in light of the government's substantial assistance motion. See U.S.S.G. § 1B1.10(b)(2)(B) (2007 Supp.) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.").

responsible for the distribution of over 1.5 kilograms of cocaine powder and 350 grams of cocaine base in the Winchester area. The government also objects to the proposed reduction on the basis that the defendant's criminal history includes prior convictions for driving under the influence of alcohol, reckless driving, resisting an officer, and unauthorized use of a motor vehicle. However, while the court recognizes that the defendant distributed large quantities of crack cocaine and powder cocaine, the defendant's role in the conspiracy and his criminal history were fully considered by the court at the time the defendant was originally sentenced. Consequently, the court finds that neither the defendant's role in the offense nor his criminal history should now prevent the defendant from benefitting from the amended guidelines.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 (2007 Supp.), the court will reduce the defendant's sentence to a total term of imprisonment of 113 months, which consists of 53 months on the drug count and a mandatory 60 months on the § 924(c) count. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 7th day of April, 2008.

*/s/ [signature]*
United States District Judge